*248 OPINION OF THE COURT
Per Curiam.
By decision and order on motion dated November 20, 2009 (2009 NY Slip Op 89449[U] [2009]), this Court suspended the respondent, pursuant to 22 NYCRR 691.4 (1) (1) (i) and (iii), on the ground that he constituted an immediate threat to the public interest based on his established pattern of failing to cooperate with the Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee), and uncontroverted evidence of his failure to reregister with the Office of Court Administration (hereinafter OCA). The decision and order further directed the respondent to serve an answer within 20 days after service upon him of a copy of the decision and order.
On December 3, 2009, the respondent was personally served with a copy of the decision and order dated November 20, 2009. He failed to comply with the Court’s directive that he file and serve an answer within 20 days.
The Grievance Committee moves to deem the charges against the respondent to be established and to impose discipline upon him based upon his failure to answer the petition.
Although personally served with the Grievance Committee’s notice of motion on January 20, 2010, the respondent has not interposed an answer or requested additional time in which to do so. Accordingly, he is in default, and the charges contained in the verified petition, which include failure to cooperate and obstruction of the Grievance Committee’s investigation into his failure to file a biennial registration statement with OCA, must be deemed established.
Based on the foregoing, the Grievance Committee’s motion is granted, the charges in the petition are deemed established and, effective immediately, the respondent is disbarred upon his default, and his name is stricken from the roll of attorneys and counselors-at-law.
Prudenti, P.J., Mastro, Rivera, Skelos and Dillon, JJ., concur.
Ordered that the petitioner’s motion is granted upon the respondent’s default; and it is further,
Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Ira Samuel Schwartz, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
*249 Ordered that the respondent, Ira Samuel Schwartz, shall continue to comply with this Court’s rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,
Ordered that pursuant to Judiciary Law § 90, the respondent, Ira Samuel Schwartz, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal, agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
Ordered that if the respondent, Ira Samuel Schwartz, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).